# CIVIL COVER SHEET 03-61905

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-MIDDLEBROOKS**

**I. (a) PLAINTIFFS**
DIANE OHLY

**DEFENDANTS**
FLANIGANS ENTERPRISES, INC

MAGISTRATE JUDGE
JOHNSON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Leslie Dobbersttein Glenn, P.A.
370 W. Camino Gardens Blvd., Ste 300
Boca Raton, Fla 33432

ATTORNEYS (IF KNOWN)
C.03CV6 1905 DMM/LRS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 2000e-1 Pregnancy Discrimination Act. Plaintiff was demoted as a result of her pregnancy.

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint.
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE: 10-16-03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 529299   AMOUNT 150.00   APPLYING IFP   JUDGE   MAG. JUDGE

# United States District Court
## Southern District of Florida

DIANE OHLY,

    Plaintiff(s),

vs.

FLANIGAN'S ENTERPRISES, INC.,
A Florida Corporation,

    Defendant(s).

_____/

Case No. 03-61905
CIV-MIDDLEBROOKS

JURY TRIAL DEMANDED

MAGISTRATE JUDGE
JOHNSON



## COMPLAINT

Plaintiff, DIANE OHLY, (hereinafter "OHLY or "Plaintiff"), files this, her Complaint and alleges as follows:

### NATURE OF CASE

1. This is an action for monetary damages, injunctive relief, declaratory relief and other relief as arising under Title VII of the Civil Rights Act of 1992, as amended by the Pregnancy Discrimination Act and the Florida Civil Rights Act. Plaintiff was an employee with defendant, FLANIGAN'S ENTERPRISES, INC. (hereinafter "FLANIGAN'S" or "Defendant") who suffered discrimination on the basis of her sex, specifically as a result of her pregnancy when she was wrongfully demoted and replaced with a nonpregnant male who was less qualified for the position.

### JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction of this action under 28 U.S.C. §1331 and 28 U.S.C. §1343(3) to protect rights guaranteed by 42 U.S.C. §2000(e)  This Honorable Court may award damages to plaintiff pursuant to 42 U.S.C. §1981a.  The

Florida Civil Rights Act (FCRA) claim is properly brought under the Court's supplemental jurisdiction pursuant to 28 U.S.C.§1367, as the elements of proof for plaintiff's FCRA claims are the same as the elements of proof for plaintiff's Title VII claims. Therefore, the state law claims (FCRA) do not predominate over the federal claims nor do they present complex or novel issues of law.

## CONDITIONS PRECEDENT

3.  Administrative exhaustion has been perfected as to Plaintiff's claims under Title VII, 42 U.S.C. §2000 (e) *et. seq.* Plaintiff received her right-to-sue letter from the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff's lawsuit is timely filed. Administrative exhaustion has been achieved and plaintiff's claim is ripe for adjudication.

## PARTIES

4.  Defendant, FLANIGAN'S upon information and belief, is a Florida Corporation doing business in the State of Florida. and is capable of being sued for all causes of action asserted herein.

5.  OHLY is a female who was employed by FLANIGAN'S as the Corporate Trainer prior to her demotion due to her pregnancy, is over the age of eighteen years, and is otherwise *sui juris*.

## GENERAL ALLEGATIONS

6.  OHLY is a female who was employed with FLANIGAN'S in the position of Corporate Trainer for approximately 3 years prior to her demotion to Assistant Manager. Prior to her position as Corporate Trainer, OHLY was employed with FLANIGAN'S as a General Manager for a period of approximately 5 years.

7.  On or about May 15, 2002, OHLY notified her supervisor, Augie Bucci, that she was pregnant. On or about July 1, 2002, OHLY further informed her supervisor that she suffered from morning sickness.

8.  On or about July 9, 2002, OHLY's supervisor, Augie Bucci, informed her that the company was restructuring the training program. OHLY was further advised that her position would no longer be available and that she was being demoted. OHLY was demoted to an Assistant Manager position with a reduction in pay despite the fact that within approximately two weeks, a General Manager position, with similar pay became available. On or about July 10, 2002, OHLY was relieved of all of her Corporate Trainer duties and responsibilities.

9.  OHLY's duties and responsibilities were assigned to a non-pregnant male, Brian Hodges. Although Hodges was a General Manager, OHLY was never offered a General Manager position (even though one became available within 2 weeks and she was highly qualified for the position) nor was she given the opportunity to continue with her duties as a trainer.

## COUNT I - TITLE VII
## PREGNANCY DISCRIMINATION

10. Plaintiff, OHLY, adopts and realleges each and every allegation contained in paragraphs 1 through 9 as if fully set forth herein.

11. OHLY was employed as the Corporate Trainer for approximately three years. During her employment as Corporate Trainer, OHLY never received any disciplinary warnings, complaints regarding her performance, or criticisms regarding the manner in which she performed her duties. In fact, on numerous occasions, OHLY was praised for

her performance.

12. On or about May 15, 2002, Plaintiff notified her supervisor that she was pregnant. On or about July 1, 2002, Plaintiff notified her supervisor that she suffered from morning sickness.

13. On or about July 9, 2002, during a meeting with her supervisor and owner, James Flanigan, OHLY was notified that the company was restructuring the training program and that she was being demoted to Assistant Manager, despite there being an available General Manager position opening within two weeks of her demotion.

14. Plaintiff's training duties and responsibilities were assigned to another nonpregnant, male General Manager. Plaintiff was more qualified for this position then the male employee as she possessed experience in the training position, as well as she was a General Manager for approximately five years prior. Nevertheless, Plaintiff was not offered the position of GM, incorporating the training responsibilities and duties. Plaintiff was wrongfully demoted two positions below what she worked for a period of 8 years (5 years as General Manager and 3 years as Corporate Trainer).

15. As a result, Plaintiff suffered damages in that as Assistant Manager her salary was significantly reduced and she suffered mental anguish and will continue to suffer such injury, pain and anguish in the future.

16. Plaintiff was treated differently as a result of her pregnancy and another similarly situated male employee in direct violation of Title VII, 42 U.S.C. section 2000(e)(k), the Pregnancy Discrimination Act.

17. Defendant's employment practices towards Plaintiff, as well as other pregnant employees causes a disparate impact on the basis of sex in violation of Title VII, 42 U.S.C.

section 2000(e)-2.

18. The actions of FLANIGAN'S have made it necessary for OHLY to retain the services of the undersigned attorneys to enforce her rights and OHLY has agreed to pay a reasonable attorneys fee.

WHEREFORE, Plaintiff, OHLY, prays for the following relief:

1. An award for actual damages indicative of lost wages and lost employment benefits due to unlawful discrimination;

2. An award for compensatory damages to the maximum allowable extent for violation of Title VII;

3. An award for front pay as reinstatement is implacable;

4. An award for reasonable attorneys fees and costs; and

5. Any other relief this Court deems necessary and proper

## COUNT II - §760 FLORIDA CIVIL RIGHTS ACT DISCRIMINATION

19. Plaintiff, OHLY, adopts and realleges each and every allegation contained in paragraphs 1 through 9 as if fully set forth herein.

20. OHLY was employed as the Corporate Trainer for approximately three years. During her employment as Corporate Trainer, OHLY never received any disciplinary warnings, complaints regarding her performance, or criticisms regarding the manner in which she performed her duties. In fact, on numerous occasions, OHLY was praised for her performance and work. .

21. On or about May 15, 2002, Plaintiff notified her supervisor that she was pregnant.

22. On or about July 9, 2002, during a meeting with her supervisor and owner, James Flanigan, that the company was restructuring the training program and that she was being demoted to Assistant Manager, despite there being an available General Manager position within two weeks of her demotion.

23. Plaintiff's training duties and responsibilities were assigned to another nonpregnant, male General Manager. Plaintiff was more qualified for this position then the male employee as she possessed experience in the training position, as well as she was a General Manager for approximately five years prior.

24. As a result, Plaintiff suffered damages in that as Assistant Manager her salary was significantly reduced and she suffered mental anguish and will continue to suffer such injury, pain and anguish in the future.

25. Plaintiff was treated differently then another similarly situated male employee as a result of her sex in direct violation of Florida Civil Rights Act, section 760.

26. The actions of FLANIGAN'S have made it necessary for OHLY to retain the services of the undersigned attorneys to enforce her rights and OHLY has agreed to pay a reasonable attorneys fee.

WHEREFORE, Plaintiff, OHLY, prays for the following relief:

1. An award for actual damages indicative of lost wages and lost employment benefits due to unlawful discrimination;

2. An award for compensatory damages to the maximum allowable extent for violation of Florida Civil Rights Act, section 760;

3. An award for front pay as reinstatement is impractible;

4. An award for reasonable attorneys fees and costs; and

5.  Any other relief this Court deems necessary and proper

## JURY TRIAL DEMANDED

Plaintiff, OHLY, demands a trial by jury on all issues triable as of right by jury in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: 10/16/03

LESLIE DUBERSTEIN GLENN, P.A.
Attorney for Plaintiff(s)
370 W. Camino Gardens Blvd., Suite 300
Boca Raton, Florida 33432
Facsimile : (561) 361-6470
Telephone : (561) 361-1381

By: _____
HEIDI FRIEDMAN, ESQUIRE
Florida Bar No. 34495